*809 OPINION.
Trammell:
The petition in this proceeding presents two issues: (1) Whether the petitioner was under legal obligation to make payment of the $11,875 paid by her to Christine Plusch in May, 1928, under the circumstances set out in our findings of fact, and (2) whether the petitioner is entitled to deduct from her gross income for (he taxable year the amount thus paid.
The real question is whether the amount paid out is deductible in determining taxable income. Whether there was a legal or moral obligation to make the payment may fairly be considered in determining the question, but we do not regard that as being an issue in and of itself. It may well be that if there was no legal or moral obligation to make the payment, it might have been a gift. In any event, even if this question were considered an issue in the pleadings, it apparently has been abandoned and the proceedings are disposed of by our decision on the other issue in the petition.
The petitioner contends that the amount here in controversy was not an additional cost of Christine Plusch’s interest in the partnership, but was an ordinary or necessary business expense or a loss arising from a transaction entered into for profit and therefore an allowable deduction. The respondent contends that the amount represented an additional sum paid by the petitioner to Christine Plusch for the conveyance of the latter’s interest in the partnership and that it is, therefore, a capital expenditure and as such is not an allowable deduction.
In support of her contention the petitioner urges that the amount was paid solely for the purpose of settling a controversy, avoiding litigation and fulfilling what she deemed to be a moral obligation arising out of a transaction entered into respecting the business.
In Colony Coal & Coke Corporation v. Commissioner, 52 Fed. (2d) 923, affirming 20 B. T. A. 326, the court said:
It is contended on belialf of the petitioners that because any liability on the part of the coal companies to the railroad was denied, and the payments only made by way of compromise to avoid litigation, they constituted expense and not capital expenditures. We think not. The fact that a payment is made *810 voluntarily or involuntarily, in tlie course of legal proceedings or as a result of a compromise settlement does not change the nature of the transaction. The real test is the character of the transaction that occasions the payment.
What was the character of the transaction that occasioned the payment by the petitioner to Christine Plusch? We think it is clear that it was the acquisition by the petitioner and her husband of property, the one-fourth interest of Christine Plusch in the petitioner that occasioned the payment. The demand for payment was based on the transaction by which they became the owners of such interest. Neither the demand nor the payment was based upon any transaction arising out of or connected with the management or operation of the business either by the petitioner or her deceased husband either before or after June 18, 1926, but both demand and payment were founded upon the acquisition of a retiring partner’s interest in the firm. The petitioner’s testimony shows that Christine Plusch was to get for her interest in the firm the same amount as the other retiring partner, $30,000. While in negotiating a settlement of the controversy the petitioner disclaimed any legal liability in the matter, she recognized her moral obligation to make the payment demanded. Irrespective of whether the petitioner considered her liability to be a legal liability or a purely moral obligation, the fact remains that the payment was made primarily in connection with the petitioner’s acquisition of an interest in the partnership, and the fact that the controversy was thereby settled and possible litigation avoided was only incidental. Under the facts in the case we think the amount of $11,875 here in controversy constituted an additional payment for Christine Plusch’s interest in the partnership and therefore a capital expenditure, and, as such, is not an allowable deduction in computing the petitioner’s taxable income. The petitioner having continued to hold, at the end of the taxable year, the interest which she and her husband had acquired from Christine Plusch, we do not perceive any basis for allowing the amount in controversy as a loss. The action of the respondent is sustained.

Judgment will ~be entered for the respondent.